[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT, POST JUDGMENT DATED NOVEMBER 17, 2000 (#144) PLAINTIFF'S POST-JUDGMENT MOTION TO MODIFY CHILD SUPPORT DATED DECEMBER 12, 2000 (#146)
On August 18, 1989 the marriage of the parties was dissolved by the court (Goldstein, J.). The parties agreement of even date was incorporated into the judgment. The defendant seeks to have the plaintiff held in contempt for failing to comply with a provision of the judgment. The plaintiff seeks to modify the child support based on a substantial change in his financial circumstances and that the current order is not in accordance with the Child Support Guidelines. By agreement dated December 12, 2000 financial orders were to be retroactive to that date. CT Page 17002
The parties appeared with counsel on March 14th, April 27th and August 15, 2001 and offered testimony and introduced documentary evidence. The court, having reviewed the testimony and the exhibits makes the following findings of fact.
The relevant portion of the judgment pertaining to the motions is as follows:
 "The Plaintiff shall pay support to the Defendant for the benefit of the Minor child of the parties in the sum of One Hundred Thirteen Dollars ($113.00) per week with an annual cost of living allowance based on the annual change in the cost of living as determined by the federal government for New England. The increase shall be payable commencing January 1991 based on any increase for the calendar year 1990."
The following facts are not in dispute. The plaintiff has paid weekly child support in the amount of $113 per week since the date of the judgment. Further, both parties either forgot or decided not to pursue the cost of living adjustment (herein "COLA") until it was brought to the defendant's attention by her counsel shortly before the filing of her instant motion.
The financial affidavit of the plaintiff dated August 18, 1989 reflected a weekly gross income of $586.54 and a net of $469.49 and that of the defendant dated August 18, 1989 showed a gross weekly income of $755.00 and a net of $520.30. The file does not reveal any information as to the computation of the $113 child support. Although the parties were awarded joint legal custody of their minor child the defendant had primary residence. There was no court activity on the file until July of 1999 at which time custody and visitation issues arose which culminated in a comprehensive agreement dated July 25, 2000. During the approximately year of litigation there was no reference to the COLA adjustment due to the defendant.
Following the dissolution the plaintiff continued to reside in the marital residence and the defendant moved to a condominium in Windsor. During the intervening years the parties resumed living together on two occasions for periods of time the amount of which is in dispute. The defendant continued to pay the $113 per week and on several occasions paid as much as $250 per week. He also bought food for the plaintiff and minor child as well as incurring expenses for the benefit of the plaintiff. If the court finds an arrearage in child support due to the COLA adjustment the defendant seeks a credit of $15,205. CT Page 17003
The defendant owns a marina in Clinton, Connecticut which is in the process of being foreclosed. He is attempting to sell it in order to pay substantial liabilities. In 1996 he had an accident which led to a stroke. He is physically limited in the use of his hands and in walking. He has a multitude of other physical ailments. After he sold his condominium he lived on his boat and currently lives in a small apartment at the marina.
The plaintiff remarried in 1999. Her financial situation has improved. She is employed full time as an office manager for an automobile dealership. Her weekly gross income is $1,000 and her net is $769 (including her 401K and credit union deduction). The defendant claims his net income is $400 per week. Since the dissolution of the marriage the child support guidelines have been modified twice with the latest revision effective August 1, 1999. As to the defendant's motion for modification the court finds that there has been a substantial change in circumstances which would warrant a modification and counsel for the parties are ordered to prepare the presumptive child support on the basis of the net income of the parties as herein above set forth. Retroactivity shall be as of December 12, 2000. The COLA adjustment is terminated and all future child support payments shall be based upon the child support guidelines currently in effect. There exists no basis for a deviation.
The court will next deal with the contempt issue. For a period of at least 10 years following the dissolution of the marriage the plaintiff took no action to enforce the COLA provision. For periods of time following the dissolution of the marriage the parties resumed living together. The defendant continued to pay the $113 per week even while the plaintiff and the minor child lived with him. Some, but not all of his claim for credits against any arrearage are justifiable. The court has considered only those claimed credits which directly benefitted the minor child such as food and shelter expenses and support payments in excess of $113 per week. Under all of the facts and circumstances of this case the court finds that although the defendant did not comply with the court's order he has not committed any wilful contempt. This is a court of equity. The court credits the defendant with the sum of $8,665 (representing 50% of his claim for food and 100% of his claim for excess support payments) towards the arrearage of $13,033 (the COLA adjustment through the year 2000 together with 6% interest) leaving a balance due of $4,368. The balance due to the. plaintiff shall be paid by the defendant in two equal payments of $2,184 due on February 1, 2002 and March 1, 2002.
BY THE COURT
John R. Caruso CT Page 17004